IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CUMULUS INVESTOR, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-00298 (AJT/IDD) |
| | ) |
| ROBERT P. BERNARDI *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This MATTER is before the Court on Plaintiff Cumulus Investor, LLC's ("Cumulus" or "Plaintiff") Revised Motion for Entry of Default Judgment against Defendant Robert P. Bernardi ("Bernardi" or "Defendant"), pursuant to Rule 55(b), Fed. R. Civ. P., and Local Rule 7(F)(2)(c). Dkt. No. 43. After the Defendant failed to file an answer or response by April 8, 2020, and failed to appear at the Motion Hearing held on April 30, 2021, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Revised Motion for Entry of Default Judgment, supporting documentation, and relevant portions of the underlying record, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED** as to Count III.

**I. INTRODUCTION**

On March 17, 2020, Plaintiff filed a Verified Complaint against Defendants Bernardi and Nihat Cardak ("Cardak") seeking to hold them jointly and severally liable for injury caused by claims

of fraud, conspiracy, and conversion. Compl. at 1, 20, Dkt. No. 1. Bernardi failed to respond to the Complaint and Plaintiff requested Entry of Default as to Defendant Bernardi on April 15, 2020. Dkt. No. 12. The Clerk entered default as to Bernardi pursuant to Rule 55(a) on April 17, 2020. Pl's Revised Mot. For Default J. ¶ 5. The Clerk re-entered default as to Bernardi on April 8, 2021. *Id*. On that same date, the Court ordered the Plaintiff to refile its Motion for Entry of Default Judgment. *Id*. ¶ 6. Plaintiff refiled its Motion for Default Judgment on April 9, 2021. Dkt. No. 43. Pursuant to that motion, Plaintiff requests that judgment be entered in favor of Plaintiff and against Bernardi for $5,368,750.89 on Count III for fraud, $16,106,252.67 on Count IV for statutory business conspiracy, and $5,368,750.89 on Count V for common law conspiracy[1]. *Id*. ¶ 15.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.1332(a)(1) because the matter is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and cost. Compl. ¶ 2.

This Court has personal jurisdiction over Defendant Bernardi because he resides in Fairfax County, Virginia, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Fairfax County. *Id*. ¶ 3.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district and because a substantial part of the events or omissions giving rise to the claims also occurred in the district. *Id*. ¶ 4.

---

[1] Count IV for statutory business conspiracy and Count V for common law conspiracy are claims that involve co-Defendant Nihat Cardak, who has filed a Motion to Dismiss. That motion is pending. Dkt. No. 16. However, in order to avoid the risk of creating incongruent verdicts should Cardak prevail, the Court holds Counts IV and V in abeyance. See *Penn-America Ins. Co. v. White Pines, Inc.*, 387 F. Supp. 3d 646, 649 (E.D. Va. 2019)( the court found that holding an entry of default in abeyance was proper when multiple claims or multiple parties are present in a case, and one party defaults); *Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872)(holding that default judgment could not be entered against the defaulted defendant without addressing co-defendants with identical issues).

### B. Service of Process

Federal Rule of Civil Procedure 4(e) governs service upon an individual and allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" FED. R. CIV. P. 4(e)(1). Virginia law allows for substitute service and states:

> "a. If the party to be served is not found at his usual place of abode, by delivering a copy of such process and giving information of its purport to any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age of 16 years or older; or

> b. If such service cannot be effected under subdivision 2a, then by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing."

Virginia Code Section 8.01-296(2)

Here, service could not be effectuated pursuant to subdivision 2a because the three attempts at personal service on March 20 and 21, 2020 were unsuccessful. Affidavit of Serv. for Summons and Compl., Dkt. No. 11. Thus, pursuant to subdivision 2b, Bernardi was served on March 21, 2020 at 10:00 a.m. when a private process server posted a copy of the Complaint and Summons on Defendant's front door. *Id.* The documents were also mailed to Bernardi's home on March 23, 2020. *Id.* Accordingly, the undersigned finds that service of process is proper in this action.

### C. Grounds for Default

Plaintiff filed its Complaint against Defendants Bernardi and Cardak ("Defendants") on March 17, 2020. Dkt. No. 1. On March 21, 2020, Bernardi was served a copy of the Complaint and Summons. *See* Affidavit of Serv. for Summons and Compl. Bernardi failed to file a responsive pleading. Plaintiff filed its first Motion for Default Judgment on April 17, 2020. Dkt. 15. On June

16, 2020, the case was transferred to the United States District Court for the District of Delaware for referral to Bankruptcy Court (Dkt. 29) and returned to this Court on December 8, 2020 (Dkt. No. 30). Plaintiff filed its second Motion for Default Judgment as to Bernardi on December 17, 2020. Dkt. No. 34. On April 8, 2021, the Court ordered the Plaintiff to refile its Motion for Entry of Default Judgment. Dkt. No. 40. The Clerk of Court, which had previously entered default as to Bernardi on April 17, 2020 and December 16, 2020, did so again on April 8, 2021. Dkt. Nos. 14, 33, 41. Plaintiff filed a Motion for Default Judgment and a Revised Motion for Default Judgment as to Robert P. Bernardi on April 9, 2021. Dkt. Nos. 42, 43. Defendant Bernardi's counsel of record, Roy R. Morris, represented to Plaintiff's counsel in an April 9, 2021 teleconference that Bernardi will not defend against this motion for entry of default judgment. *See* Declaration in Support of Motion for Entry of Default Judgment ¶ 8, Dkt. No. 43-2. When no one from the defense appeared at the April 30, 2021 hearing on the revised motion, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Dkt. No. 45.

## II. Factual Findings

Upon full review of the pleadings, the Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff Cumulus Investors, LLC is a limited liability company organized and existing under the laws of the state of Nevada, with its primary place of business located at 411 S. County Blvd., Palm Beach, Florida 33480. *See* Compl. ¶ 5. Cumulus's members include Nasser Kazeminy ("Kazeminy"), a citizen of Florida and President of Cumulus Investors, LLC. *Id.* At all times relevant to this action, Kazeminy owned the largest membership interest in Cumulus. *Id.* ¶ 8. Defendant Bernardi is a citizen of Virginia whose last known residence is 1210 Suffield Drive,

McLean, Virginia 22101. *Id.* ¶ 6. Bernardi is Chairman and CEO of GigaMedia Access Corporation[2] ("Giga"). Mem. in Supp. of Mot. to Dismiss at 2, Dkt. No. 17. Cardak is a citizen of Virginia whose last known residential address is 13306 Sturno Drive, Clifton, Virginia 20124. Compl. ¶7. Cardak self-identified on various Giga documents as Controller, CFO, and as the notary to various documents. See Exhibit A to the Compl. at 23, Dkt. No. 1-2; Exhibit B at 9, Dkt. No. 1-3; Exhibit D at 3, Dkt. No. 1-5.

### A. Debt Conversion to Preferred Shares

Plaintiff was the largest shareholder in Giga and started acquiring preferred shares in 2010. Compl. ¶ 8. In 2016, Plaintiff loaned Giga nearly $13 million[3] on the basis of various internal financial statements provided to Kazeminy by Defendant. *Id.* ¶9. These include an accountant's report on the letterhead of the CPA firm of Thompson, Hughes and Trollinger, dated July 10, 2015. *Id.* ¶ 10. In September 2016, Giga issued new Series F Preferred Shares to an entity called Balance Point, in a transaction that required all of Giga's current debt to be converted to Series F shares. ¶13. Giga borrowed $15 million from Balance Point to consummate the transaction. *Id.* The deal also required shareholder consent. *Id.* Cumulus consented to convert its outstanding debt, approximately $13 million, into 43,050,449 Series F Preferred Shares under the condition that the only resulting Series F shareholders would be Cumulus, Bernardi and Balance Point. *Id.* ¶ 15. Plaintiff relied on a Capital and Debt Schedule for Giga provided by Bernardi that listed Cumulus, Bernardi and Balance Point as creditors, the amounts owed, and the number of converted shares each would receive. Dkt. No. 1-6.

---

[2] The Complaint provides no information regarding the type of entity Giga is or where it is incorporated.
[3] In paragraph 9 of the Complaint, the Plaintiff states that it loaned Giga $12,960,900, but in paragraph 15 the Complaint describes that amount as outstanding debt representing principal and interest.

Plaintiff later learned that Bernardi provided false capital statements and tables regarding Giga's debt and the resultant shareholders. *Id.* ¶ 57. Plaintiff relied on these misrepresentations in converting its debt to shares. *Id.* ¶58. An internal forensic review of Giga's books and records conducted by Huron Consulting Group revealed a revised list of Series F Preferred Shareholders that identified five (5) Series F shareholders unknown to Cumulus. *Id.* ¶ 37, Exhibit N, Dkt. No. 1-15. In November 11, 2019, the CPA firm of Thompson, Hughes and Trollinger confirmed that the July 10, 2015 accountant's report Bernardi provided Plaintiff in April 2016 did not match any report provided by their firm. *Id.* ¶ 40, Exhibit P, Dkt. No. 1-17.

**B. The May 2019 loan and Crystal Transaction**

In May 2019, Bernardi urgently requested help from Cumulus to resolve a "default issue" Giga was experiencing in connection with a $25 million loan from JP Morgan Chase ("JPM"). *Id.* ¶¶ 18-19. Bernardi represented that the $10 million owed JPM to stave off default would be paid from the $2 million he would personally loan Giga, a $4 million loan from Cumulus and another $4 million loan from a business friend of Kazeminy. *Id.* ¶ 25. On the basis of those and prior financial representations, Cumulus loaned Giga $4 million to help prevent the default of the JPM loan. *Id.* ¶ 22-24.

Cumulus extended to October 2019 the maturity date of that May 2019 loan to Giga after Bernardi sent Cumulus a letter from Insight Venture Management LLC purporting to value Giga at $258 million and several letters of intent from prospective investors. *Id.* ¶ 30-31. In various telephone conversations with Kazeminy that summer, Bernardi represented that Giga was financially sound and that it had received indications of interest from various capital funds. *Id.* ¶ 32. However, the Defendants did not disclose that they were also seeking to recapitalize Giga through a merger and

6

reorganization involving Crystal Financial, LLC ("Crystal") that included a $25 million loan from Crystal that effectively placed Giga under Crystal's control (the "Crystal Transaction"). *Id.* ¶ 33. Defendants forged Cumulus' shareholder consent that was required for the Crystal Transaction to take place. *Id.* at 34. The Crystal Transaction deprived Cumulus of its shareholder rights in Giga when Crystal took control. *Id.* ¶78. Cumulus alleges it would have never loaned Giga the $4 million had Defendants been truthful about Giga's financial circumstances or if it knew that the previously supplied financial statements were false. *Id.* ¶ 62. Giga subsequently declared bankruptcy, and Plaintiff lost the principal, interest and fees it was entitled to under the terms of the May 2019 loan. *Id.* ¶¶ 41, 62-68.

### III. Evaluation of Plaintiff's Complaint

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). Defendants in default concede the factual allegations of the complaint and are barred from contesting them on appeal. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and it is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston*

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id*.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a Plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth enough factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### Count III: Fraud

Plaintiff alleges that Defendant fraudulently induced it into converting debt into shares and into loaning Giga $4 million. *See* Pl's Revised Mot. For Default J. ¶ 7. To establish a prima facie case for fraud, Plaintiff must demonstrate that the Defendant: (1) falsely represented or concealed a material fact; (2) that was reasonably calculated to deceive; (3) had the intent to deceive; and (4) the deception resulted in the Plaintiff's injury or detrimental reliance." *See Feeley v. Total Realty Management*, 660 F. Supp. 2d 700, 712 (E.D. Va. 2009).

Here, the undersigned finds that Plaintiff has sufficiently established that Defendant Bernardi committed fraud for the following reasons. First, Bernardi falsely represented and concealed material facts regarding Giga's financial circumstances. This includes a positive July 10, 2015 accountant's report purportedly from Thompson, Hughes and Trollinger, which the CPA firm later confirmed did not match any report it prepared regarding Giga. Bernardi also provided a Capital and Debt Schedule

8

for Giga that listed Cumulus, Bernardi and Balance Point as the sole creditors entitled to converted Series F Preferred Shares. An internal forensic review of Giga's books and records conducted by Huron Consulting Group revealed a revised list of Series F Preferred Shareholders that identified five (5) Series F shareholders unknown to Cumulus.

Second, the Defendant's actions were reasonably calculated to deceive. Bernardi made false statements and emailed to Plaintiff forged documents related to Giga's financial viability and condition designed to convince Cumulus that Giga's finances were stronger than they really where and that Giga's Preferred Shareholder structure was more favorable to Cumulus than it really was. Pl.'s Opp. to Mot. to Dismiss at 12, Dkt. No. 25. Those actions lulled Plaintiff into a false sense of security that prompted it to make the $4 million loan without reservations. Third, the false statements delivered by Bernardi evidence a clear intention to deceive Plaintiff into believing Giga was a good credit risk and induce it into extending to Giga a $4 million loan.

Plaintiff would not have given the necessary shareholder consent to the debt conversion into Giga Shares if Defendant was honest about Giga's financial circumstances. And it would not have loaned Giga the $4 million. As a direct result of Defendants' misrepresentations, Plaintiff took those actions to its detriment. Plaintiff lost the entire principal amount of the loan, interest, fees and other costs it was entitled to collect under the promissory note of this loan when Giga was acquired by Crystal and subsequently filed for bankruptcy. Under the terms of the promissory note, the amount owing in principal and interest through April 9, 2021 is $5,368,750.89. See Pl's Revised Mot. For Default J. ¶ 15(ii); Exhibit I, Dkt. No. 1-10; Amended Promissory note, Dkt. No. 1-12 Therefore, the facts support a finding of fraud against Bernardi, and the undersigned Magistrate Judge finds that the Plaintiff is entitled to relief in the sum certain of $5,368,750.89 for the loan and interest. Pl's Revised Mot. For Default J. ¶ 15.

## IV. Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default judgment as to Count III in favor of Plaintiff and against the Defendant for fraud. In sum, Plaintiff is entitled to damages in the total amount of $5,368,750.89 for fraud including interest through April 9, 2021. Counts IV and V are being held in abeyance pending the outcome of the civil action against co-Defendant Cardak.

## V. Notice

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant Bernardi at: Mr. Robert P. Bernardi, 1210 Suffield Drive, McLean, Virginia 22101.

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

September 15, 2021
Alexandria, Virginia